FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

OCT 31 2003

CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MARCO OCHOA,

    Plaintiff,

v.                                 No. CIV-03-1155 MCA/ACT

RICHARD KIRKLAND, Sheriff,
EMSA/RENO DIAGNOSTIC CENTER,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court *sua sponte* to review Plaintiff's civil rights complaint under 28 U.S.C. § 1915(e)(2), Fed.R.Civ.P. 12 (2) and (3), 28 U.S.C. § 1391(b), and 28 U.S.C. § 1406(a). Plaintiff is incarcerated, appearing pro se, and proceeding in forma pauperis. For the reasons below, Plaintiff's complaint will be transferred.

The complaint alleges that Plaintiff was denied adequate medical treatment for a serious injury he had sustained. All the events complained of occurred in Nevada, and the named Defendants are residents of Nevada. Plaintiff claims that Defendants' actions violated his rights under the Eighth and Fourteenth Amendments, and he seeks damages.

Plaintiff's complaint will be transferred to the United States District Court for the District of Nevada. Nothing in the complaint indicates any connection between the Nevada Defendants and the State of New Mexico such that *in personam* jurisdiction could be properly exercised, *Stein v. New York Police Dep't*, No. 95-6141, 1996 WL 32135, at **1 (10th Cir. 1996); *cf. Far West Capital, Inc., v. Towne*, 46 F.3d 1071, 1074 (10th Cir. 1995) (diversity action), although the Nevada Defendants could consent to this Court's jurisdiction. *Leroy v. Great Western United Corp.*, 443

U.S. 173, 180 (1979). Furthermore, because the events occurred in Nevada and Defendants are located there, venue is improper in this district. 28 U.S.C. § 1391(b); *see Flanagan v. Shively*, 783 F. Supp. 922, 935 (M.D. Pa.), *aff'd*, 980 F.2d 722 (3d Cir. 1992); *Robinson v. Love*, 155 F.R.D. 535, 536 n.1 (E.D. Pa. 1994). As indicated by attachments to the complaint, Plaintiff has sued the same parties in Nevada and that action was dismissed without prejudice to refiling. Under these circumstances, claims against the Nevada Defendants could be transferred to Nevada under 28 U.S.C. § 1406(a) and Fed.R.Civ.P. 12(b)(2) & (3), *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1520-21 (10th Cir. 1991), or dismissed, *Robinson*, 155 F.R.D. at 536 n.1. Accordingly, Plaintiff's complaint will be transferred.

IT IS THEREFORE ORDERED that the Clerk is directed to transfer this case to the United States District Court for the District of Nevada.

_____
UNITED STATES DISTRICT JUDGE